UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Todd Bonds,

    Plaintiff,

    v.

Premiere Physician Services, Inc., *et al.*,

    Defendants.

Case No. 2:25-cv-1487

Judge Michael H. Watson

Magistrate Judge Jolson

## ORDER

Todd Bonds ("Plaintiff") sues Premiere Physician Services, Inc., Nurse D. Howard, Sadie Adams, Nurse Rutter, the Fairfield County Jail, Commissioner Steve Davis, Alex Lape, Officer Kayla Towns, Corporal A. Reeves, Lieutenant Warner, Corrections Officer Kunkel, Corrections Officer Mulder, and Jackie Smetana (collectively, "Defendants") under 42 U.S.C. § 1983 and state law related to medical care that Plaintiff received while he was an inmate in the Fairfield County Jail.  Am. Compl., ECF No. 19.

The Magistrate Judge performed an initial screen of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued an Order and Report and Recommendation ("R&R").  ECF No. 20.  The R&R recommended that the Court dismiss Plaintiff's § 1983 claims without prejudice for failure to state a claim and remand his state-law claims to the Montgomery County Court of Common Pleas. *Id.*

Specifically, the R&R recommends concluding that Plaintiff's Amended Complaint lacks any allegations of personal involvement by Jackie Smetana, Commissioner Steve Davis, or Corrections Officer Kunkel and, therefore, fails to state a claim against them under § 1983. *Id.* at 7–8.

It recommends dismissing Plaintiff's § 1983 claims against the Fairfield County Jail because the jail is not a "person" under § 1983. *Id.* at 8. It recommends dismissing all official-capacity § 1983 claims for failure to allege that an unconstitutional policy or custom caused the violations. *Id.* The R&R recommends dismissing Premiere Physician Services, Inc., and any official-capacity claim against that entity's employees for the same reason. *Id.*

As for the remaining defendants, the R&R recommends concluding that the factual allegations do not state a claim for: (1) a violation of the Equal Protection clause (based on the receipt of disparate medical treatment, the refusal to turn over his harasser's information, or the failure to make Plaintiff a trustee); (2) a violation of the Procedural Due Process clause (based on intentional spoliation of evidence); (3) First Amendment retaliation; or (4) deliberate indifference to a serious medical need, in violation of the Eighth Amendment. *Id.* at 8–19.

As the R&R recommends dismissing without prejudice Plaintiff's federal claims, it recommends declining to exercise supplemental jurisdiction over his state-law claims and remanding the same to state court. *Id.* at 19.

The R&R notified the parties of their right to object to the recommendations contained therein and of the consequences of failing to do so.  *Id.* at 20–21.

The deadline for objecting has passed, and no party objected.  Accordingly, the Court **ADOPTS** the R&R in full without conducting a *de novo* review.  The Court **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's § 1983 claims, declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and **REMANDS** the state-law claims to the Montgomery County Common Pleas Court.  The Clerk shall enter judgment and close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**